## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sharon Sussman, a/k/a Sharon Ohayon, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br><br><br>      -v.-<br>MRS BPO, L.L.C.,<br>d/b/a MRS Associates,<br><br>                               Defendants. | Case No.: 1:22-cv-4660<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sharon Sussman a/k/a Sharon Ohayon (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant MRS BPO, L.L.C. ("MRS" or "Defendant"), individually and on behalf of a class of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.　　The Fair Debt Collection Practices Act ("FDCPA') was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* the Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does

1

not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of New Jersey, County of Camden, residing at 2103 Chapel Ave W, Cherry Hill, NJ 08002.

8.    Defendant MRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) and used in the FDCPA with an address at 1930 Olney Ave, Cherry Hill, NJ 08003.

9.      Upon information and belief, Defendant MRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of all individuals:

    a.  with addresses in the State of New Jersey;

    b.  to whom Defendant sent a written debt collection communication(s) directly to the consumer;

    c.  attempting to collect a consumer debt;

    d.  despite receiving attorney representation communications and/or while debt verification is still pending; and

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit B, despite receiving attorney representation communications and/or while debt verification is still pending, violate 15 U.S.C. §§ 1692c, 1692d, 1692f, and 1692g.

15.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit B, despite receiving attorney representation

communications and/or while debt verification is still pending, violate 15 U.S.C. §§ 1692c, 1692d, 1692f, and 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats the above allegations as if set forth here.

20.     Some time prior to March 22, 2022, an obligation was allegedly incurred by Plaintiff to Capital One Bank (USA), N.A. ("Capital One").

21.     The obligation arose out of transactions in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes.

22.     The alleged Capital One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23.     Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24.     Upon information and belief, Capital One contracted with the Defendant MRS to collect the alleged debt.

25.     Defendant MRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *March 22, 2022 Cease and Desist Letter*

26.     On or about March 22, 2022, Plaintiff's legal counsel, Joseph Sussman, sent the Defendant MRS a cease-and-desist letter regarding the alleged debt owed to Capital One ("March Letter").  A copy is attached as **Exhibit A**.

27.     The March Letter states that Plaintiff disputes the validity of the alleged debt, and according to 15 U.S.C. 1692g(b) of the FDCPA, directs MRS to cease and desist all collection efforts until providing the appropriate debt verification.

28.    The March Letter also states that, pursuant to 15 U.S.C. 1692c of the FDCPA, MRS must cease and desist from any further direct communications with Plaintiff.

29.    The letter was sent to MRS by the law firm representing Plaintiff at that time, Joseph I. Sussman, P.C.

*Violations - April 2022 Collection Emails*

30.    Between on or about April 1, 2022 and April 26, 2022, Defendant MRS sent the Plaintiff eleven (11) collection emails regarding the alleged debt ("April Collection Emails"). Copies are attached as **Exhibit B**.

31.    Despite the March Letter from counsel directing Defendant to cease contact, the April Collection Emails were sent directly to Plaintiff instead of her counsel.

32.    Defendant also failed to send verification of the debt prior to resuming collection efforts.

33.    The April Collection Emails state that the balance due is $9,287.96.

34.    Plaintiff has suffered emotional distress, including, but not limited to anxiety, as a result of Defendant's invasion of individual privacy and harassment.

35.    Plaintiff specifically desired to no longer be contacted anymore, yet the communications continued causing her to become extremely upset and frightened.

36.    Plaintiff specifically desired for her attorney to handle this matter, and yet was harassed by the Defendant to pay.

37.    Plaintiff has suffered wasted time and annoyance as a result of Defendant's invasion of individual privacy and harassment.

38.    Plaintiff has expended, and continues to expend, time and money to stop further abuse and intrusion upon Plaintiff's seclusion from Defendant.

39.     Because of the Defendant's actions, Plaintiff expended time and money in determining the proper course of action.

40.     Because of the Defendant's actions, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

41.     Plaintiff's failure to pay the debt arose from the collection itself because the Plaintiff believes it was an attempt to collect unverifiable debt.

42.     Plaintiff's reliance on the failure to verify, and the resulting inaction/non-payment, caused interest to accrue to the Plaintiff's financial detriment.

43.     Plaintiff's reliance on the failure to verify, and the resulting inaction/non-payment, caused fees to accrue to the Plaintiff's financial detriment.

44.     In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

45.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46.     As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion.

47.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adopted to avoid any such violations.

48.     As a result of Defendant's unfair and unconscionable debt collection practices, Plaintiff became confused, distressed and damaged.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692c *et seq.***

49.    Plaintiff repeats the above allegations as if set forth here.

50.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

51.    Pursuant to 15 U.S.C. §1692c:

a.  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt —

    1.  …;

    2.  if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; …

b.  …

c.  If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except [listing exceptions not applicable here] …

52.    Defendant violated this section by:

    a.   Contacting the consumer multiple times in violation of § 1692c (a):

        1.  despite being on notice that the consumer was represented by an attorney with respect to the debt; and

        2.  Defendant had knowledge of the attorney's name and address; and

        3.  the attorney did not fail to respond within a reasonable amount of time to a communication(s) from Defendant; and

        4.  the attorney did not consent to Defendant communicating with the consumer;

    b.   communicating with the consumer multiple times after being notified in writing to cease communication, in violation of § 1692c (c).

53.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**<u>COUNT II</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

54.     Plaintiff repeats the above allegations as if set forth here.

55.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

56.     Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57.     Defendant violated this section by:

    a.   contacting a represented party;

    b.   contacting a party after being directed to cease communications.

58.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq*.

59.     Plaintiff repeats the above allegations as if set forth here.

60.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

61.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

62.     Defendant violated this section by:

    a.   contacting a represented party;

    b.   contacting a party after being directed to cease communications.

63.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq*.

64.     Plaintiff repeats the above allegations as if set forth here.

65.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

66.     Pursuant to 15 USC §1692g:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. the name of the creditor to whom the debt is owed;

3. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed … the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment … and a copy of such verification or judgment … is mailed to the consumer by the debt collector … Any

collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

67.    Defendant violated 15 U.S.C. §1692g (b) by failing to cease collection of the debt until the verification and mailing of same to Plaintiff's legal counsel.

68.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sharon Sussman a/k/a Sharon Ohayon, individually and on behalf of all others similarly situated, demands judgment from Defendant MRS as follows:

a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

b)    Awarding Plaintiff and the Class actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

c)    Awarding Plaintiff and the Class statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d)    Awarding attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

e)    Awarding declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

f)    For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated: July 20, 2022                          Respectfully submitted,

**Stein Saks PLLC**

/s/ Robert T. Yusko_____
By:  Robert T. Yusko, Esq.
One University Plaza. Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 145
Fax: (201) 282-6501
ryusko@steinsakslegal.com
*Attorneys for Plaintiff*